OPINION
{¶ 1} On August 30, 2003, appellant, Lee Foster, Jr., was incarcerated in the Mansfield Correctional Institution. As appellant was going to dinner, Correction Officer Sue Neighbors attempted to stop appellant as he was not wearing his identification badge. Appellant walked away. Correction Officer Larry Evans brought appellant back for questioning. Because of appellant's unruly manner, Officer Evans attempted to place handcuffs on appellant. Appellant punched Officer Evans two times.
 {¶ 2} On June 10, 2004, the Richland County Grand Jury indicted appellant on one count of assault in violation of R.C.2903.13. A jury trial commenced on December 17, 2004. The jury found appellant guilty. By judgment entry filed December 22, 2004, the trial court sentenced appellant to twelve months in prison, to be served consecutively to the sentence he was already serving.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN ALLOWING TESTIMONY REGARDING THE VIOLATION OR NON-VIOLATION OF INSTITUTIONAL RULES REGARDING THE USE OF FORCE."
 II {¶ 5} "THE TRIAL COURT ERRED IN ALLOWING TESTIMONY FROM C.O. EVANS, THE ALLEGED VICTIM IN THIS MATTER, THAT HAS [SIC] USE OF FORCE WAS APPROVED BY THE INSTITUTION."
 III {¶ 6} "THE TRIAL COURT ERRED IN ALLOWING THE RESULTS OF THE R.I.B. HEARING HELD BY THE INSTITUTION."
 I, II {¶ 7} Appellant claims the trial court erred in permitting testimony regarding institutional rules on the use of force. We disagree.
 {¶ 8} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} Over defense counsel's objection, the investigating officer, Lieutenant James Skinner, was asked on direct examination, "Did you determine if C.O. Evans or C.O. Neighbors violated any institutional rules regarding their use of force in this matter?" T. at 155. Lieutenant Skinner responded, "No, they did not." Id. Officer Evans testified he was not sanctioned for his use of force. T. at 194. An objection was not made. Appellant argues this testimony was not relevant.
 {¶ 10} Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 11} Clearly the issue of undue force by a corrections officer wherein the defendant's defense is self-defense is relevant. However, the finding of an administrative body cannot usurp the role of the jury. Therefore, although the evidence is relevant, it should have been excluded pursuant to Evid.R. 403 which states, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 12} We find, however, the error to be harmless. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right.
 {¶ 13} All the correction officers involved in the incident testified. T. at 185-187, 222-223, 238-239, 260, 275-276. The testimony from Officer Evans and the four other witnesses was sufficient so that any prejudice from the complained of evidence was harmless.
 {¶ 14} Assignments of Error I and II are denied.
 III {¶ 15} Appellant claims the trial court erred in permitting the results of the institutional hearing. We disagree.
 {¶ 16} As cited supra, rulings on evidence are reviewed under an abuse of discretion standard. Sage; Blakemore.
 {¶ 17} The complained of testimony was elicited during the cross-examination of appellant:
 {¶ 18} "A. Just in the heat — in the heat of the struggle and the fight. I don't know exactly when he struck me in the jaw. This incident happened in 2003, they put me in segregation, I've been in segregation four fourteen months.
 {¶ 19} "Q. That's part of the disciplinary, that's an internal disciplinary thing that put you in Security Control?
 {¶ 20} "A. Yeah.
 {¶ 21} "Q. That was as a result of the R.I.B. hearing?
 {¶ 22} "A. Decision, that was their decision.
 {¶ 23} "Q. They ruled against you, right, they found you guilty of the assault?
 {¶ 24} "A. Yeah, they said it was basically cut and dry. It wasn't about the assault, if it was an assault, you know, we work that out in court. But if you hit an officer you're going to the hole, that's basically —
 {¶ 25} "Q. You were at the hearing, right, where they said you are guilty of that, and they put you in the hole?
 {¶ 26} "* * *
 {¶ 27} "A. Yes, sir, I was.
 {¶ 28} "Q. So you heard the ruling, it's on the tape, right? I mean, you know they — they found you guilty of the assault on Evans?
 {¶ 29} "A. Yes, sir." T. at 367-368.
 {¶ 30} No objection was made to this testimony. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 31} As we discussed supra, relevant evidence that invades the province of the jury is unduly prejudicial. However, the evidence as presented through Officer Evans and the four other witnesses for the state, as well as the self-defense argument raised by appellant and his witnesses, provided a clear picture from which the jury could reach its decision.
 {¶ 32} We find the evidence regarding the institutional hearing does not rise to the level of plain error, and the jury was not unduly influenced by it given the breadth of the state's evidence and Officer Evans's physical injuries. T. at 188, 190.
 {¶ 33} Assignment of Error III is denied.
 {¶ 34} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.